IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. AMANDA MAY RICHTER, Defendant. | CR 13–18–M–DWM ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on March 26, 2014. Neither party objected and therefore they are not entitled to *de novo* review of the record. 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). This Court will review the Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Lynch recommended this Court accept Amanda May Richter's guilty plea after Richter appeared before him pursuant to Federal Rule of Criminal

Procedure 11, and entered her plea of guilty to the charge of acquiring a controlled substance by fraud, deception, or subterfuge in violation of 21 U.S.C. § 843(a)(3), as set forth in the Indictment filed against her.

I find no clear error in Judge Lynch's Findings and Recommendation (Doc. 26), and I adopt them in full, including the recommendation to defer acceptance of the Plea Agreement until sentencing when the Court will have reviewed the Plea Agreement and Presentence Investigation Report.

Judge Strong set Conditions of Release for Ms. Richter following her Arraignment. (Doc. 13.) Modification of these conditions is necessary in light of the crime charged in the Indictment.

Accordingly, IT IS ORDERED that Amanda May Richter's Motion to Change Plea, (Doc. 18), is GRANTED.

IT IS FURTHER ORDERED that the Richter's Conditions of Release are modified as follows:

- The Defendant must report on a regular basis to the pretrial officer as directed.
- The Defendant must not use alcohol to excess greater than .08 BAC.
- The Defendant must not use or unlawfully possess a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 unless

prescribed by a licensed medical practitioner.

- The Defendant submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

- The Defendant must participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial officer.

DATED this 11th day of April, 2014.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT